UNITED STATES PLAYING-CARD CO. v. SPAULDING et al.

(Circuit Court, S. D. New York.   November 23, 1898.)

PATENTS—APPARATUS FOR PLAYING DUPLICATE WHIST.

The Bisler patent, No. 525,941, for an apparatus for playing duplicate whist, *held* valid and infringed as to claims 1, 2, and 4.

This is a suit in equity by the United States Playing-Card Company against A. G. Spaulding & Bros. for infringement of a patent.

Arthur v. Briesen, for plaintiff.

Fred. L. Chappell, for defendants.

WHEELER, District Judge.    This suit is brought for alleged infringement of patent No. 525,941, applied for December 30, 1893, dated September 11, 1894, and issued to Gustav A. Bisler, for apparatus for playing duplicate whist; consisting of two square plates, with corner blocks between, forming sides, and a center block, whose sides form the inner ends, of pockets, in which the hands of cards are kept, by springs, in their original order, showing the lead, for playing again in the same order with a different lead, with recesses in the edges of the plates for the fingers to withdraw the hands of cards.    The specification refers to drawings showing the parts by letters, and the claims are for:

(1) An apparatus for playing duplicate whist, consisting of a tray composed of plates, with intervening corner and central blocks, forming pockets closed on their sides and inner ends, and open at the outer edge of the tray, sub-

stantially as described. (2) A tray for the purpose set forth, consisting of the plates, B, B, having the recesses, G, in their sides, the intervening blocks. C and D, forming the pockets, E, closed at their sides and inner ends, and the springs, F, in said pockets, said parts being combined substantially as described. (3) A tray for the purpose named, consisting of two plates having recesses in their sides, blocks between said plates, forming pockets closed at their sides and inner ends, and open at their outer ends, and an attaching sheet for said plates, said sheet being attached to one plate, and having flaps turned under the portion of the plate at the finger portions hereof, and flaps turned over the said blocks and secured to the other plate, said parts being combined substantially as described. (4) A tray for the purpose named, consisting of a tray having pockets therein closed at their sides and inner ends, and open at the outer edges of the tray, springs in said pockets for holding cards therein, an attaching sheet for said plates, and corner pieces on said plates, said plates having recesses in their edges, and said parts being combined substantially as described.

Fig. 1.

Fig. 2.

Fig. 3.

Several patents are set up as anticipations, the most similar and important of which are No. 462,448, dated November 3, 1891, and granted to Paine and Sebring, for a square plate, with rubber straps on each side, for holding the hands of cards; No. 464,469, dated December 1, 1891, and granted to one Woodbury, for four flexible pockets attached to a square center, and folding together upon it, for holding the hands of cards; No. 481,995, dated September 6, 1892, and granted to one Work, for a square plate, with a divisional compartment on each corner, for holding the hands of cards; and No. 514,302, applied for March 29, 1893, dated February 6, 1894, and granted to one Butler, for an open tray in the form of a cross, with receptacles at the extremities, and elastic bands around them, for holding the hands of cards; and each structure providing a mark for distinguishing the lead.    While each of these shows an apparatus for holding the hands of cards in order, by four receptacles, in the order of the four players, on or in a plate or tray, or about a square center, and therefore they leave only room for improvements upon all of them by later inventions, obviously enough this invention is different from any of them, and occupies room left between them; and the first, second, and fourth claims of the patent seem valid for the differences specified in them.    The covering sheets of the third claim do not seem patentable.

The alleged infringement is of two kinds, in one of which (the Kalamazoo tray) the lower plate is larger than the upper, with a spot in it raised in each pocket, for retaining the cards in place, and the corner and central blocks are not square, but rectangular, so placed as to be near enough, without touching each other, to form the pockets that will hold the cards, without being actually closed; and in the other, which is made according to patent No. 555,903, dated March 3, 1896, and granted to one Johnson, for such an apparatus, four pockets are formed in the corners between the plates by narrow inclosing and partition strips, with recesses through the inclosing strips and in the plates for the fingers, and openings through the upper plate next to the inside of the remaining ends of the inclosing strips for inserting the cards, which are retained by these ends.    The important improvement patented to Bisler was the pocket formed between the two plates on each of the four sides by the blocks, to which the recesses for the fingers and the spring were incidental.    The pockets of the infringements would be closed for this purpose when they were tight enough to well hold the cards; inclosing and partition strips would be blocks in the corners and center, although not square in length and breadth, when so placed there as to form a pocket at each side, although nearer to one end of the side than to the other; and the raised spot in the plate would be a spring, when it should cause pressure upon the cards, by elasticity, to retain them.    According to these views, both of these structures appear to infringe the first and fourth claims; and the Kalamazoo one, the second, also.    Decree for plaintiff.

### (December 7, 1898.)

Upon the settlement of the interlocutory decree herein, attention is called to an error, in supposing that one alleged infringement is made

according to Johnson patent, No. 555,903, as testified by experts on examination in chief, but corrected on cross-examination not noticed. The interior space between the pockets is filled by a block, instead of being left vacant between the partition strips of that patent. The operation of the pockets appears to be the same in either case; the filled space and vacancy being, in difference, wholly immaterial. The structure is accordingly held to infringe. Decree accordingly.